UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KATHLEEN JACOB, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:20-cv-00165-TWP-DML |
| ) | |
| JAN DAVIS, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on a petition for writ of habeas corpus filed by Petitioner Kathleen Jacob's ("Jacob"). (Dkt. 1). Jacobs challenges her conviction in prison disciplinary case MCU 19-04-0025. For the reasons explained in this Entry, Jacob's petition is **denied.**

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. Disciplinary Proceeding

On April 7, 2019, Aramark kitchen supervisor Angelica Gorrell wrote a Report of Conduct

charging Jacobs' with a violation of Indiana Department of Correction (IDOC) Adult Disciplinary Code B-215, theft of property:

> I, Aramark Kitchen Supervisor, Angelica Gorrell, left an ink pen lying on the supervisors table as I helped out on the line. Midway through service I noticed that my pen was missing. I called the camera room and asked Sgt. Frazer if he could roll back the cameras to see who had stolen it. Offender Kathleen Jacob, DOC# 902106, was identified on camera as being the one who stole it; as she is clearly seen picking it up and putting it in her pocket.

Dkt. 8-1. After his review of the dining room footage, IDOC Sgt. Frazer wrote an incident report that the video showed Jacob pick up the pen, "look around the room as if she was looking to see who was looking," and then place the pen in her pocket. Dkt. 8-2. Jacob and other offender kitchen staff were strip searched, but the pen was not found. *Id.*

Jacob was notified of the charge on April 12, 2019, when she received the Notice of Disciplinary Screening Report. Dkt. 8-3. She pled not guilty, requested a lay advocate, requested three offender witnesses, and requested video of the incident and the confiscation form. *Id.*

All three witnesses stated that the pen was not the Aramark supervisor's pen but instead belonged to another offender. Dkt. 8-6; dkt. 8-7; dkt. 8-8. Jacob was not allowed to view the video for safety and security reasons. Dkt. 8-5. The disciplinary hearing officer (DHO) reviewed and summarized the video: "Camera footage showed [Offender] Kathleen Jacob[] walk over to the Supervisor's table and pic[k] up the pen. It looks like she put it in her pants after that." *Id.* The Court has reviewed the video filed *ex parte* and finds that it accurately depicts the details in the DHO's and Officer Frazer's summary and incident report. Dkt. 11.

This matter proceeded to a disciplinary hearing on April 20, 2019. Dkt. 8-4. Jacob stated that "[i]f the camera showed me picking up the pen, I must've laid it down again after that." *Id.* The DHO considered the staff reports, Jacob's statement, and the video and found Jacob guilty. *Id.* Her sanctions included a deprivation of earned credit time. *Id.*

Jacob's appeals to the Facility Head and the IDOC Final Reviewing Authority were unsuccessful. Dkt. 8-9; dkt. 8-10. She then filed her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent filed a return to order to show cause on October 23, 2020. Dkt. 8. Jacob did not file a reply.

### C. Analysis

The Court discerns the following grounds raised in Jacobs petition: (1) sufficiency of the evidence; (2) denial of video evidence; and (3) impartiality of the DHO. *See* dkt. 1 at 3-6.

#### 1. Sufficiency of Evidence

Jacob argues that when she was strip searched, the pen was not found on her person, and that the video would show her holding a thermometer and not a pen. *Id.* at 4. She contends that the video was not properly reviewed by the Warden or "downtown," and that the DHO took the Aramark employee's word over the video and witness statements. *Id.* The Court construes all of these arguments as challenges to the sufficiency of the evidence.

Courts may not reweigh evidence already presented at a prison disciplinary hearing. *Viens v. Daniels*, 871 F.2d 1328, 1328 (7th Cir. 1989). Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*,

472 U.S. at 455-56. The conduct report "alone" can "provide[ ] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Nonetheless, in a safeguard against arbitrary revocation of an inmate's good-time credits, a court must "satisfy [itself] that the evidence the board did rely on presented 'sufficient indicia of reliability.'" *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). To challenge the reliability of evidence introduced during a prison disciplinary hearing, there must be "some affirmative indication that a mistake may have been made." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000).

Offense code B-215 prohibits "[u]nauthorized possession, destruction, alteration, damage to, or theft of property." Dkt. 8-11. Here, the conduct report alone provides "some evidence" that Jacob stole Ms. Gorrell's pen. According to the conduct report, the pen was on the supervisor's table and then disappeared during the dining service. Dkt. 8-1. Ms. Gorrell requested an immediate review of the video footage which showed that Jacob picked up an item from the table and put it in her pocket. Ms. Gorrell's conduct report, further supported by Officer Frazer's incident report, is consistent with the DHO's summation of the video.

Jacob's challenges are all without merit. First, the video may be reviewed by the DHO in preparation for the disciplinary hearing. Due process did not require that the video be reviewed by anyone other than or in addition to the presiding DHO. Second, whether or not the pen was found on Jacob's person does not undermine her charge of theft of property. There is no requirement in the disciplinary code that requires the stolen property to be "located" or "confiscated." Third, due process did not require the DHO to credit the witness statements she requested over other evidence. It is within the purview of the DHO to consider the available evidence and to assign it credibility. Here, the DHO indicated she relied upon Ms. Gorrell's conduct report and the video in her finding of guilt. Jacob asks the Court to reweigh the evidence and accept her account that she picked up a

different item, interpret the video differently, and credit the witness statements in her favor. But it is not the role of the Court to reweigh this evidence.

Accordingly, there is "some evidence" to support her conviction, and she is not entitled to habeas relief on this ground.

## 2. Denial of Video

Jacob argues that there was no security risk in her viewing the video, and that the video would have shown she did not take the pen. Dkt. 1 at 5. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). When prison administrators believe a valid justification exists to withhold evidence, "'due process requires that the district court conduct an in camera review' to assess whether the undisclosed [evidence] is exculpatory." *Johnson v. Brown*, 681 F. App'x 494, 497 (7th Cir. 2017) (quoting *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003)).

The Court has reviewed the video *ex parte* and finds no exculpatory evidence. Rather, the video shows inculpatory footage that Jacob went to the supervisor's table, picked up an item, looked around to see if anyone else was watching, and appeared to put the item in the pocket of her pants. It does not show that Jacob put the item back, as she stated at her hearing, that she "must've laid it down [on the table] again[.]" Dkt. 8-4 This is consistent with Sgt. Frazer's incident report describing the video and the DHO's video summation. To the extent that there is any discrepancy that the item Jacob picked up was a pen or something else, such discrepancy is not enough to raise a reasonable probability of a different result. If construed in the light most

favorable to the petitioner, that she did pick up a thermometer, this does not undermine her conviction, but serves only to change the object of the theft of property.

As the petitioner, it is Jacob's burden to establish that any evidence she was denied was material and exculpatory. *See Piggie,* 344 F.3d at 678 (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness). Jacob has not met this burden. Accordingly, habeas relief on this ground is denied.

### 3. Impartial DHO

Jacobs states that she wants a non-biased party to view the video because she was falsely accused and convicted. Dkt. 1 at 5. Throughout her petition she indicates that the officer who strip searched her, the Aramark supervisor, and the officers who reviewed the video are all Caucasian. It is unclear to the Court what if any argument Jacob intends to make regarding bias because the respondent notes that the petitioner is a white female. To the extent that Jacob challenges the impartiality of the DHO, her argument fails.

A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. However, hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Moreover, the "constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the prison. *Piggie*, 342 F.3d at 666. The presumption is overcome—and an inmate's right to an impartial decision maker is breached—in

rare cases, such as when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Simply put, Jacob has not presented clear evidence to overcome the presumption that the DHO was impartial. No evidence in the record suggests that the DHO directly or substantially participated in the factual events or investigation underlying Jacob's disciplinary charge. It is within the scope of the duties of a presiding DHO to review available video evidence. Jacob's disagreement with the DHO's interpretation of the events of the video does not establish that the DHO was not impartial. Accordingly, Jacob's request for relief on this ground is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Jacob to the relief she seeks. Accordingly, Jacob's petition for a writ of habeas corpus must be **denied** and the action **dismissed.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/11/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KATHLEEN JACOB
902106
MADISON CORRECTIONAL FACILITY
800 Bus Stop Drive
Madison, IN 47250

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov